**AGREED UPON REDACTED COPY MAY BE MADE PUBLIC**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| DISMAS CHARITIES, INC.<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant, and<br><br>BANNUM, INC., Defendant-Intervenor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-825<br>Judge Margolis<br>**FILED UNDER SEAL** |

REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS TO DISMISS FOR LACK OF STANDING

I. Introduction

Dismas Charities, Inc.'s ("Dismas") concedes that its revised [redacted] and revised [redacted] are non-compliant; but to allege standing, Dismas now claims that its Final Proposal Revision ("FPR") was an "alternative, additional option." These important words, which an experienced government contractor like Dismas would use if this were its intent, are conspicuously absent from Dismas' FPR.

Indeed, Dismas' post-hoc claim that it also proposed a compliant [redacted] is not permitted by the Request for Proposals ("RFP"), which did not permit multiple offers, and is contradicted by Dismas' own statements in the FPR. Finally, the actions of Federal Bureau of Prison ("BOP") cannot create a compliant proposal. Dismas has failed to meet its burden of proving that its final revised proposal was "fully compliant" and is not an "interested party" under 28 U.S.C. §1491(b).

II. Dismas' Non-Compliant FPR, was not a Multiple, Alternative Offer

Dismas claims the first words of its FPR: "please consider," prove that its FPR was an "alternative" proposal "simply for consideration." However, "please consider" was also used in Dismas' prior submissions in response to discussions. AR 806.

**AGREED UPON REDACTED COPY MAY BE MADE PUBLIC**

Further, the RFP did not permit multiple proposals but only modifications to one proposal. AR 775. A right to modify allows for a revision, not multiple [redacted]. The record proves that Dismas submitted only one final revised proposal.

On November 8, 2005, the BOP requested an FPR from Dismas stating:

"Evaluation of Dismas' technical/management proposal and offer has been completed. In accordance with Federal Acquisition Regulation (FAR 15.307, Dismas now has the opportunity to submit a final proposal revision, including a per diem rate for the base period and each of the three one year option periods. Please be advised that if any modification is submitted, it must be received by the date and time specified below and is subject to FAR 15.208, Late Submissions, Modifications and Withdrawal of Proposals." AR 858 (emphasis added).

On November 14, 2005, Dismas responded with its FPR. AR 859-71. Citing [redacted], Dismas revised [redacted]:

"[redacted]" (emphasis added) see also AR 865.

[redacted] As Dismas' own words show, [redacted], Dismas effectively sought to amend the RFP to a non-compliant [redacted] because it would make Dismas more competitive and [redacted].

**AGREED UPON REDACTED COPY MAY BE MADE PUBLIC**

After Dismas stated that "[w]e are proposing to revise [redacted]" in response to "[redacted]", Dismas explained the advantages of its revised proposal to the BOP:

> "[redacted] (emphasis added, italics in original) AR 859.

Dismas had originally proposed a [redacted]. AR 1212. Since Dismas admits that the [redacted], Dismas' post hoc claim that it was still proposing to [redacted] its original [redacted] lacks credibility. Dismas wanted the BOP to accept this new [redacted] (and in Dismas' self-interest, if [redacted] was amended, [redacted]).

Dismas then described the specific parts of its proposal that were being <u>revised</u>:

> "[redacted] (emphasis added, italics in original) AR 860.

A "revised" [redacted] is not reasonably an "alternative," "additional" or "optional" [redacted]. That is why Dismas never used those key words in its FPR. Consistent with the revisions it was proposing, Dismas included an attached <u>revised</u> [redacted] and an attached <u>revised</u> [redacted]. That Dismas did not expressly direct the BOP to substitute these pages for the old pages is meaningless -- there was no other reason to attach <u>revised</u> [redacted] that Dismas stated were driven by [redacted].

**AGREED UPON REDACTED COPY MAY BE MADE PUBLIC**

Finally, Dismas tied its new price to these [redacted]:

"[redacted] (emphasis added). AR 859-60.

Dismas' price [redacted], id., the final price used by BOP. AR 1624. This was the only price offered.

In sum, Dismas' contemporaneous statements prove that in its "response to" the BOP's "Final Proposal Revision notification letter", Dismas submitted one final revised "proposal." This was the admittedly non-compliant proposal with a [redacted]. Dismas' counsel's unattested, "litigation-inspired" claims are thus belied by the record.

III. The BOP Did Not Find the Non-Compliant FPR to be an "Option" or Acceptable

Apparently realizing that Dismas' proposal fails to support the claim that its FPR was an "alternate" or "option", Dismas argues that the BOP's failure to eliminate its proposal proves that the BOP unreasonably believed its FPR was an option. This claim cannot meet Dismas' burden of proof of showing its proposal was compliant.

The BOP never referred to Dismas' FPR as an "alternative" or "optional" proposal or tied it to [redacted] The Source Selection Authority ("SSA") understood that Dismas' [redacted] was non-compliant and rejected it in the Source Selection Document ("SDD"):

"[redacted] AR 1315. (emphasis added).

There is nothing "post-hoc" about the BOP's contemporaneous rejection of this specific revised [redacted] as [redacted]

**AGREED UPON REDACTED COPY MAY BE MADE PUBLIC**

In contrast, in Galen Medical Associates, Inc. v. United States, 56 Fed. Cl. 104, aff'd 369 F.3d 1324 (Fed. Cir. 2004), the evaluators downgraded Galen's technical score for the specific technical unacceptability, a finding in direct conflict with a material non-conformity. Here, the BOP never downgraded Dismas' technical rating.

As shown by the above specific statement in the SDD, the SSA's general introductory statement in the SDD that all offerors' FPRs were acceptable fails to prove that the BOP found Dismas' FPR either acceptable or an option.

What the record reasonably shows is that when SSA received Dismas' non-compliant FPR after two full rounds of discussions, she saw that it was based on an unacceptable [redacted]. AR 1315. The SSA had rejected [redacted]. AR 99. She also observed that there were two other compliant offerors and that Dismas was not the best value. AR 1319-20. Since the award had been delayed and was told the BOP was "running out of time," AR 1402, to avoid reconvening the TEP to eliminate a non-compliant offeror not in line for award, the SSA copied the TEP's pre-FPR in the SDD, AR 1448-67.[1] However, she added a paragraph to document that Dismas' FPR did not meet requirements. AR 1315. While the BOP could be criticized for this approach, none of BOP's actions make Dismas' proposal compliant or an option.

Dismas' reliance on the Government Accountability Office's ("GAO") denial of Dismas' protest fails for essentially the same reason. Dismissal of the protest was apparently considered unnecessary since the protest was being denied.

[1] The Technical Evaluation Panel's ("TEP") Consensus Working Papers ("CWP") dated November 8, 2005 pre-dated Dismas' November 14, 2005 FPR. The CWPs were attached to and the basis for the Technical/Management Evaluation document transmitted on November 21, 2005. That document, otherwise copied by the SSA in the SDD, does not even mention Dismas' non-compliant FPR. AR 1449, 1457-67.

**AGREED UPON REDACTED COPY MAY BE MADE PUBLIC**

CONCLUSION

Dismas' unattested claim that this admittedly non-compliant FPR was an "alternative", "additional" or "optional" proposal fails to meet its burden of proof that it submitted a compliant proposal. Dismas, an experienced government contractor, did not use these key terms because conditions forced it to affirmatively state that it was "proposing" a "revised" [redacted] and a "revised" [redacted], and it offered one price for this final revised proposal. Indeed, the RFP did not permit multiple offers, only modifications. Dismas' contemporaneous statements contradict its post hoc claim that it still proposed a compliant [redacted]—at the time, Dismas admitted tha[redacted].

The BOP understood that Dismas was proposing a [redacted] and documented that it was not in compliance with requirements. Bannum and another offeror proposed to comply with all RFP requirements. As a result, even assuming for the sake of argument that Dismas prevailed in this protest, Dismas would not be in line for award. For the reasons and those in Bannum's and the Government's pleadings, Bannum respectfully requests that the motions to dismiss be granted.

Respectfully submitted,

s/ Michael A. Gordon
Counsel of Record for Bannum, Inc.
HOLMES & GORDON
17 West Jefferson Street
Rockville, Maryland 20850
(301) 340-1251 (telephone)
(301) 340-1253 (facsimile)

OF COUNSEL:
Fran Baskin, Esquire